Case 2:18-cv-00336 Document 10 Filed on 12/11/18 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-336 |
| | § | |
| COREY FURR, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Fred Hoffman is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated a claim of deliberate indifference against **ASSISTANT WARDEN COREY FURR** in his official capacity for injunctive relief. Accordingly, it is respectfully recommended that this claim against him be **RETAINED.** The undersigned will order service on this defendant.

The undersigned further recommends for the reasons set forth below that: (1) Plaintiff's request to proceed as a class action be **DENIED**; and (2) Plaintiff's remaining claims against all Defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff's claims in this lawsuit occurred in connection with his current assignment to the McConnell Unit in Beeville, Texas.

On October 4, 2018, Plaintiff filed his original complaint, naming the following officials as defendants: (1) Corey Furr, Assistant Warden; (2) Juan Salazar, Food Service Manager IV; (3) Adriana Padron, Food Service Manager II; (4) Lieutenant Crystal Lopez; and (5) Lorie Davis, TDCJ Director. Plaintiff primarily alleges that Defendants acted with deliberate indifference to his health be serving him nutritionally-deficient meals for an extended period of time.

Plaintiff seeks declaratory and injunctive relief as follows: (1) the cessation of serving meals which fall short of the daily required caloric content; (2) the cessation of any sandwich diet (johnny sacks) not being served while hot; (3) the cessation of any sandwich diet not being served double bagged in the required brown bag sacks; (4) the cessation of using the sandwich diet as a substitute for hot meals when the unit is not on lockdown; (5) the cessation of allowing similarly-situated inmates to be served hot meals while denying other inmates hot meals in favor of cold meals; (6) the inclusion of fruits and vegetables in every meal; (7) the appointment of the United States Risk Management

Office to audit the McConnell Unit's food policies; and (8) the appointment of the American Correctional Association and the United States Risk Management Office to audit all discovery provided by Defendants. Plaintiff also asks the Court to declare that Defendants violated Plaintiff's right not to be subject to retaliation in the form of transfer to another facility. Plaintiff also seeks to represent other similarly-situated inmates.

A *Spears*[1] hearing was conducted on October 30, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): In May 2011, Plaintiff entered into TDCJ custody and was initially housed at the Byrd Unit. Prior to his transfer into TDCJ custody, Plaintiff was housed in an Oklahoma federal prison pursuant to a conviction out of the Western District of Oklahoma. Plaintiff arrived at the McConnell Unit sometime later in May 2011.

Plaintiff is 42 years old. He is 6'2" tall and currently weighs 275 pounds. When he arrived in TDCJ custody in 2011, he weighed approximately 245 pounds. Plaintiff is aware of what foods are appropriate for a proper diet, and inmates should consume between 2100 and 2300 calories per day. According to Plaintiff, TDCJ handouts indicate institutional breakfasts should contain 600 calories, lunches should contain 800 calories, and dinners should contain 800 calories. Meals also should consist of protein and vegetables. All inmates should avoid starch and carbohydrates. Defendants, however, serve inmates with meals consisting largely of starchy foods, which Plaintiff alleges are poison to the body and particularly bad for diabetics. Overall, Plaintiff complains that the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

food served does not meet a balanced nutritional level and are short in calories. Plaintiff believes he is faced with the choice of eating bad foods or going hungry.

Plaintiff alleges that Defendants have created an environment to ensure that inadequately nutritious meals are served to offenders in that: (1) the hot meals fail to meet the calorie requirement set by the TDCJ's dietician's office; (2) the johnny sack meals do not meet the calorie requirements set by the TDCJ's dietician's office; (3) Defendants purposely allow all meals to fall short of the nutrition requirement; (4) Defendants falsify documentation to cover up these deprivations; and (5) the food budget has been reduced by over two million dollars.

Plaintiff specifically alleges that: (1) Defendants allow the sandwich diet to be imposed over a long period of time; (2) Defendants allow the hot meal diet and the sandwich diet to deprive the inmate population of the set required calories, which results in notable weight loss and mildly diminished health; (3) Defendants withhold food from meals to "cook" the books; (4) from July 29, 2017, to October 22, 2017, Defendants served 258 meals, with 77 of those meals being johnny sack meals in place of hot meals; (5) Defendants' actions caused the inmate population to suffer from weight loss and stomach cramps; (6) from November 3, 2017 to November 21, 2017, Defendants served 57 sandwich meals in a row with 38 of the meals missing the caloric requirements for the day; (7) from December 3, 2017 through January 17, 2018, Defendants served 126 meals, with 44 of those meals being sandwich meals in place of hot meals; (8) Lt. Lopez, who was responsible for delivery of johnny sack meals, is responsible for the meals not being double bagged; (9) Lt. Lopez, therefore, failed to ensure that pests and vermin were

separated from the food; (10) Defendants prepare the meals in an unsanitary manner without masks and gloves; (11) from May 4, 2018 to May 22, 2018, Defendants served all of the inmates in the Three Building 57 sandwich meals in a row, with 48 of those meals missing the calorie requirement; (12) Defendants, in turn, served hot meals for 14 of those 19 days to similarly situated inmates living in the 18 and 19 Buildings; (13) with regard to the johnny sack sandwich meals served 57 days in a row to the Three Building inmates, Defendants only provided fruit in eleven of those meals; (14) Defendants served the inmates in the Three Building slices of bread which were primarily bleached white bread; (15) Defendants failed to ensure that food is kept at a proper temperature; (16) Director Davis allowed these inadequate procedures to continue; and (17) Defendants have falsified government documents in an attempt to cover-up calorie deficiencies in the meals.

Plaintiff testified that he was placed in lockdown from October 2, 2018 through October 25, 2018, and only received johnny sack meals. He lost fifteen pounds during this time because the johnny sack meals served did not meet the required caloric counts. Johnny sacks are often served in place of other meals during times when Plaintiff is not in lockdown. In addition to losing weight, Plaintiff has suffered from stomach cramps and constipation which are related to his nutritionally-deficient diet.

Plaintiff has attached several sets of grievances to his complaint which were submitted by himself and other inmates. (D.E. 1, pp. 19-45). In these grievances, Plaintiff and other inmates raised several issues complaining about the food service and

the failure of meals to meet the proper calorie count. Assistant Warden Furr denied many of Plaintiff's Step 1 grievances. All Step 2 grievances were denied as well.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of

facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV. **DISCUSSION**

    A. **Deliberate Indifference to Health**

        *(1) Meals*

Plaintiff claims that Defendants acted with deliberate indifference to his health by serving him nutritionally-deficient meals for an extended period of time. "The

Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)).

Prison officials are required to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992).

A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). To prove a constitutional violation, an inmate need not show that a death or serious injury already has occurred, but rather that there is a "substantial risk of serious harm." *Ball v. LeBlanc*, 792 F.3d 584, 593 (5th Cir. 2015) (citing *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004)).

"Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Deliberate indifference

is more than mere negligence. *Farmer*, 511 U.S. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.

On the issue of food, the prison system is not required to provide inmates with three meals a day. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). "The constitution requires only that inmates be provided with well-balanced meals, containing sufficient nutritional value to preserve health." *Davis v. Stephens*, No. 2:15-CV-211, 2015 WL 4887577, at *8 (S.D. Tex. Aug. 17, 2015) (citing *Green*, 801 F.2d at 770-71). Furthermore, "[w]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *See Billizone v. Jefferson Parish Correctional Center*, No. 14-1263, 2015 WL 1897683, at *5 (E.D. La. Apr. 27, 2015) (internal quotations and citations omitted).

Taken as true, Plaintiff's allegations in this case reflect that: (1) he is often provided with meals that fall short of containing the daily recommended amount of calories and are otherwise nutritionally deficient; (2) prison officials are engaging in practices which allow the meals provided to be contaminated or otherwise infested with roaches; and (3) a steady diet of johnny sack meals, which are both calorie and nutritionally deficient, has caused him to lose weight as well as suffer stomach cramps and severe constipation. Accordingly, Plaintiff's allegations are sufficient at this stage to state a deliberate indifference claim with respect to the meals provided to him. The

undersigned now turns toward determining the proper defendant in this case as Plaintiff seeks injunctive relief and no money damages.

### (2) Proper Defendants

Plaintiff seeks injunctive relief and not monetary damages. He sues Assistant Warden Furr, two supervisory food service managers (Defendants Salazar and Padron), Lt. Lopez who is responsible for handling the meals, and TDCJ Director Davis.

Given the size of the TDCJ, it is more likely that each individual unit has day-to-day control over its policies and practices regarding meal service and the foods to be included within each meal. Therefore, for purposes of obtaining injunctive relief, Assistant Warden Furr is the individual most likely able to fashion the relief Plaintiff is seeking regarding the meals provided at the McConnell Unit. Because Assistant Warden Furr appears to be best person to implement the injunctive relief requested, the undersigned respectfully recommends that he remain in this case and that the other individual defendants be dismissed as to this claim.[2]

### B. Equal Protection

Liberally construed, Plaintiff claims that he is being treated less favorably than other inmates in other buildings of the prison who were receiving a greater percentage of hot and more nutritionally-adequate meals. The Equal Protection Clause of the Fourteenth Amendment states that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. The Equal

---

[2] Should facts come to light as this case proceeds that another prison official at the McConnell Unit is the best person to implement Plaintiff's requested injunctive relief, the undersigned will substitute that person in place of Assistant Warden Furr.

Protection Clause directs that similarly situated people should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Equal protection jurisprudence typically has been concerned with governmental classifications that affect some groups of citizens differently than others. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008). Plaintiffs in such cases generally allege that they have been arbitrarily classified as members of an identifiable group. *Id.*

An equal protection claim can also be made when a plaintiff, rather than alleging class-based discrimination, alleges that he has been singled out as a so-called "class of one." *Id.* (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)) (per curiam). A plaintiff makes a "class of one" claim when he alleges that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Id.* (citing *Olech*, 528 U.S. at 564). "Under any rational basis standard, any rational ground for the conduct in question will suffice to defeat the class-of-one claim." *Unruh v. Moore*, 326 F. App'x 770, 772 (5th Cir. 2009) (emphasis in original).

In this case, Plaintiff has not alleged any facts that demonstrate any defendant acted with a discriminatory purpose. Plaintiff's equal protection claim is vague and conclusory. His allegations are based solely on his personal, subjective belief that he was treated differently than other similarly situated males. Even accepting that other inmates receive more hot meals which have higher caloric and nutritional value, Plaintiff alleges no specific facts to demonstrate a discriminatory intent or that he was similarly situated to those inmates living in other prison buildings. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n. 1 (5th Cir.1990) (vague and conclusory allegations that equal protection rights have

been violated are insufficient to raise an equal protection claim). The allegation that certain inmates receives certain food while other inmates do not, without more, fails to state an equal protection claim. Accordingly, it is respectfully recommended that Plaintiff's equal protection claim be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C. Class Action

Plaintiff also seeks to represent other inmates who are similarly situated to him with respect to meals received. Requests for class certification by a prisoner acting *pro se* are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4) (one of the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class"); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding *pro se* because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees"). Because Plaintiff fails to show that he can properly serve as a representative party in a class action, the undersigned respectfully recommends that Plaintiff's request to proceed as a class action be denied.

### V. RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a deliberate indifference claim regarding meals service against **ASSISTANT WARDEN COREY FURR** in his official capacity for injunctive relief. Accordingly, it is

12 / 14

respectfully recommended that this claim be **RETAINED.** The undersigned will order service as to **ASSISTANT WARDEN FURR** by separate order. It is respectfully recommended further that: (1) Plaintiff's request to proceed as a class action be **DENIED**; and (2) Plaintiff's remaining claims against all Defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 11th day of December 2018.

                                                        Jason B. Libby
                                       United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).