United States District Court
Southern District of Texas
**ENTERED**
March 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED HOFFMAN III, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-336 |
| | § | |
| COREY FURR, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ON SUBSTITUTION OF WARDEN PHILLIP SIFUENTES
### IN PLACE OF DEFENDANT COREY FURR

Plaintiff Fred Hoffman, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is an Advisory from the Office of the Attorney General recommending that the Court substitute current Assistant Warden Daniel Fernandez in place of former Assistant Warden Corey Furr. (D.E. 18).

On October 4, 2018, Plaintiff filed his original complaint, naming the following officials as defendants: (1) Corey Furr, Assistant Warden; (2) Juan Salazar, Food Service Manager IV; (3) Adriana Padron, Food Service Manager II; (4) Lieutenant Crystal Lopez; and (5) Lorie Davis, TDCJ Director. Plaintiff alleged that Defendants acted with deliberate indifference to his health be serving him nutritionally-deficient meals for an extended period of time. Plaintiff sought declaratory and injunctive relief.

On December 11, 2018, the undersigned issued a Memorandum and Recommendation (M&R), recommending that: (1) Plaintiff's deliberate indifference claim against Assistant Warden Furr in his official capacity for injunctive relief be retained; (2) Plaintiff's request to

proceed as a class action be denied; and (3) Plaintiff's remaining claims against all Defendants be dismissed for failure to state a claim and/or as frivolous. (D.E. 10). Plaintiff subsequently filed his objections to the M&R. (D.E. 17). Both the M&R and the objections are pending before Senior United States District Judge Hilda G. Tagle.

On January 25, 2019, the Office of the Attorney General (OAG) advised the Court that the current assistant warden at the McConnell Unit is Daniel Fernandez. (D.E. 18). In his affidavit attached to the Advisory, Defendant Furr states that he is currently employed as the warden of the Tulia Unit in Tulia, Texas. (D.E. 18-1). The OAG recommends that Assistant Warden Daniel Fernandez be substituted in place of Assistant Warden Furr. Before the Court addressed the issue of substitution, Assistant Warden Fernandez has filed an answer in this case. (D.E. 19).

Plaintiff objects to the OAG's recommendation regarding the substitution of Defendant Furr. (D.E. 21). Plaintiff contends that Defendant Furr's personal involvement in the case should prohibit him from being dismissed. (D.E. 21, p. 2). Plaintiff further states that Phillip Sifuentes, the McConnell Unit's current Warden, has prior knowledge of Plaintiff's claims in this case because Plaintiff brought the relevant issues to Warden Sifuentes's attention when he could not locate Defendant Furr. (D.E. 21, p. 2). Nevertheless, Plaintiff urges that Director Davis is the party capable of providing him the injunctive relief he seeks and should, therefore, be a defendant in this case instead of either Warden Sifuentes or Assistant Warden Fernandez. (D.E. 21, pp. 2-3).

In the M&R, the undersigned found that Defendant Furr was the individual most likely to fashion the injunctive relief Plaintiff seeks. (D.E. 10, p. 10). The undersigned rejected the

notion that Director Davis was the proper defendant because, given the size of the TDCJ, it was more likely that each individual unit had the requisite day-to-day control over the policies and procedures regarding meal service. (D.E. 10, p. 10).

While Plaintiff would like to keep Defendant Furr in this lawsuit, his current employment with a different prison means that Defendant Furr now lacks the authority to effectuate any injunctive relief on behalf of Plaintiff. *See Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001) (explaining that plaintiffs "have no case or controversy" with defendants who have no power to redress the injuries alleged). The undersigned finds, however, that Warden Sifuentes as opposed to Assistant Warden Fernandez is the individual most likely to fashion the injunctive relief Plaintiff seeks as he is in charge of the McConnell Unit.[1]

Accordingly, **IT IS ORDERED** that Warden Phillip Sifuentes, in his official capacity for injunctive relief, is **SUBSTITUTED** in place of Defendant Corey Furr. By separate order, the undersigned will order service on Warden Phillip Sifuentes. The undersigned further **STRIKES** the answer (D.E. 19) filed by Assistant Warden Fernandez.

ORDERED this 1st day of March 2019.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

---

[1] Plaintiff did not name Warden Sifuentes in his original complaint. Plaintiff references Warden Sifuentes's involvement in his claims for the first time in his objection to the OAG's Advisory. (D.E. 21, p. 2).